UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PEDRO GARCIA,

                              Plaintiff,

        v.

C/O DAVIS, *et al.*,

                              Defendants.

Case No. 3:20-cv-0071-MMD-CLB

SCREENING ORDER

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has filed an application to proceed in forma pauperis (ECF No. 1), and a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1-1). He has also filed a motion to withdraw his motion to amend first complaint (ECF No. 10), a motion to screen the original complaint (ECF No. 9), and a motion to request status of screening (ECF No. 13).

Because the Court previously granted the motion to amend complaint (*see* ECF No. 4), the motion to withdraw will be denied as moot. The Court will also deny the motion to screen and the motion for status of screening as moot. The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

I.      **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must

be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*,

1  550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is

2  insufficient. *See id.*

3        Additionally, a reviewing court should "begin by identifying pleadings [allegations]

4  that, because they are no more than mere conclusions, are not entitled to the assumption

5  of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

6  the framework of a complaint, they must be supported with factual allegations." *Id.* "When

7  there are well-pleaded factual allegations, a court should assume their veracity and then

8  determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining

9  whether a complaint states a plausible claim for relief . . . [is] a context-specific task that

10 requires the reviewing court to draw on its judicial experience and common sense." *Id.*

11       Finally, all or part of a complaint filed by an incarcerated person may be dismissed

12 *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This

13 includes claims based on legal conclusions that are untenable (*e.g.*, claims against

14 defendants who are immune from suit or claims of infringement of a legal interest which

15 clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*,

16 fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989);

17 *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

18 **II.  SCREENING OF COMPLAINT**

19       In his original complaint ("Complaint"), Plaintiff sues multiple Defendants for events

20 that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP").

21 (ECF No. 1-1 at 1.) Plaintiff sues Defendants Jane Doe #1[1] (sick call nurse at HDSP),

22 C/O Davis (correctional officer at HDSP), Jhon Doe #1 (dentist at HDSP), C/O Hunter

23 (correctional officer at HDSP), C/O Nunez (correctional officer at HDSP), Sgt. Thomas

24 (sergeant correctional officer at HDSP), Lt. Jhon Doe #2 (lieutenant correctional officer at

25

26

27      [1]Although the use of "Doe" to identify a defendant is not favored, flexibility is
allowed in some cases where the identity of the parties will not be known prior to filing a
complaint but can subsequently be determined through discovery. *See Gillespie v.*

28 *Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If the true identity of any of the Doe
Defendant(s) comes to light during discovery, Plaintiff may move to substitute the true
names of Doe Defendant(s) to assert claims against the Doe Defendant(s) at that time.

1    HDSP), and Jane Doe #2 (dental assistant at HDSP). (*Id.* at 2-4.) Plaintiff brings one

2    count[2] and seeks monetary relief. (*Id.* at 1, 12.)

3         Plaintiff alleges the following. On July 26, 2019, Plaintiff informed Jane Doe #1, the

4    sick call nurse, that he had an infected tooth, bleeding gums, a swollen jaw, and was

5    unable to eat or sleep. (*Id.* at 5.) Jane Doe #1 responded that Plaintiff would not receive

6    immediate medical treatment, and to instead submit a medical request for treatment. (*Id.*)

7    On Plaintiff's request, Jane Doe #1 gave him a medical kite, which Plaintiff completed

8    and returned to her. (*Id.*)

9         On July 29, 2019, Plaintiff received a response to his medical kite, indicating that

10   he would be notified of the date of his appointment. (*Id.*) Plaintiff went to work and

11   informed Davis, a correctional officer, that he had an infected tooth, bleeding gums, and

12   a swollen jaw. (*Id.*) Davis responded that there was nothing he could do, and that Plaintiff

13   would need to wait on medical. (*Id.*)

14        On August 13, 2019, Plaintiff was seen by Jhon Doe #1, the dentist at HDSP. (*Id.*

15   at 6.) X-rays were taken of Plaintiff's teeth. (*Id.*) Jhon Doe #1 determined that Plaintiff's

16   tooth was infected and required extraction. (*Id.*) Jhon Doe #1 stated he would not remove

17   the tooth on that date, and that an appointment would be set. (*Id.*) Jhon Doe #1 was aware

18   that Plaintiff was in extreme pain. (*Id.*)

19        Plaintiff filed an informal grievance on August 30, 2019. (*Id.* at 8.)

20        On September 2, 2019, Plaintiff informed Hunter, a correctional officer, that he had

21   an infected tooth, his gums were bleeding, his jaw was swollen, that this prevented him

22   from eating and sleeping, and that he was in severe pain. (*Id.* at 6.) Hunter instructed

23

24         [2]The Court recognizes that Plaintiff has stated the allegations of his Complaint on
     five pages of the Court's civil rights complaint form. Each of these pages of the form is
25   captioned at the top, respectively, as Count 1, Count 2, Count 3, Count 4, and Count 5.
     Consistent with the form, Plaintiff has also recited at the top of each page that Defendants
26   were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth
     Amendment. In reviewing these pages, however, it is apparent that Plaintiff has not
27   alleged a distinct count on each page. Rather, Plaintiff has chronologically alleged, across
     all five pages, specific events related to his efforts to obtain medical treatment for his tooth
28   and the respective defendant for each event. Accordingly, the Court will treat Plaintiff's
     Complaint as alleging a single count with individual claims against each defendant.

Plaintiff to talk to medical and did not ensure that Plaintiff received medical treatment. (*Id.*)

On September 9, 2019, Plaintiff again saw Jane Doe #1. (*Id.*) He again informed her that the tooth was infected and required extraction, that he was not able to eat or sleep, and that the pain was a "9 out of 10." (*Id.*) Jane Doe #1 responded, "Stop crying and wait on medical." (*Id.*)

On September 30, 2019, Plaintiff informed Nunez, a correctional officer, that he needed immediate medical attention because of his infected tooth and that his pain was "10 out of 10." (*Id.*) Nunez responded by sticking his finger in his own mouth, showing Plaintiff the place where his molar was missing, stating it was pulled in the Philippines, and that Plaintiff was going through nothing. (*Id.*) Plaintiff then went to his cell and extracted his own tooth. (*Id.* at 7.) Plaintiff returned to Nunez and showed him where he had pulled his tooth. (*Id.*) Plaintiff stated to Nunez that he thought a piece of the tooth might still be there. (*Id.*) Nunez responded that he did not care, he was not going to call medical, and instructed Plaintiff to return to his cell. (*Id.*)

Plaintiff requested an emergency grievance and submitted it immediately. (*Id.*) Sergeant Thomas responded that Plaintiff had been scheduled for an appointment and would be seen at that time. (*Id.*)

After pulling his tooth, Plaintiff submitted an inmate request asking for pain medications and antibiotics. (*Id.* at 8.)

On October 8, 2019, Plaintiff was seen by Jane Doe #2. (*Id.* at 9.) When Plaintiff stated his name, Jane Doe #2 referred to him as the cry baby. (*Id.*) Jane Doe #2 claimed Plaintiff was supposed to have been seen on August 20, 2019. (*Id.*) Jane Doe #2 required Plaintiff to sign a release from liability for pulling his own tooth before she would treat him. (*Id.*) Plaintiff refused to sign the form. (*Id.*)

Plaintiff called his wife and informed her of his issues. (*Id.* at 8.) Lieutenant Jhon Doe #2 came to Plaintiff's cell and asked who kept calling about Plaintiff's medical issues. (*Id.*) Jhon Doe #2 made remarks to Plaintiff indicating a mutual hatred, that he did not

1  care who called, and that Plaintiff would not be seen by medical until his appointment.
2  (*Id.*)

3       On November 14, 2019, Plaintiff filed a first level grievance and has not received
4  a response. (*Id.* at 9.) On December 28, 2019, Plaintiff filed a second level grievance and
5  has not received a response. (*Id.*)

6       Based on these allegations, Plaintiff alleges that Defendants were deliberately
7  indifferent to his serious medical needs. (*Id.* at 3.) The Court liberally construes the
8  Complaint as bringing a claim against each defendant for that defendant's failure to obtain
9  or provide medical treatment for Plaintiff's tooth. The Court will address the claim against
10 each defendant in turn.

11       **A.   Eighth Amendment: Medical Treatment**

12       The Eighth Amendment prohibits the imposition of cruel and unusual punishment
13 and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity,
14 and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the
15 Eighth Amendment when he acts with "deliberate indifference" to the serious medical
16 needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth
17 Amendment violation, a plaintiff must satisfy both an objective standard—that the
18 deprivation was serious enough to constitute cruel and unusual punishment—and a
19 subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th
20 Cir. 2012).

21       To establish the first prong, "the plaintiff must show a serious medical need by
22 demonstrating that failure to treat a prisoner's condition could result in further significant
23 injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091,
24 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference
25 prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain
26 or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may
27 appear when prison officials deny, delay or intentionally interfere with medical treatment,
28 or it may be shown by the way in which prison physicians provide medical care." *Id.*

1   (internal quotations omitted). When a prisoner alleges that delay of medical treatment
2   evinces deliberate indifference, the prisoner must show that the delay led to further injury.
3   *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)
4   (holding that "mere delay of surgery, without more, is insufficient to state a claim of
5   deliberate medical indifference"). A prison official's deference to a medical provider's
6   assessment of a plaintiff's medical needs is not deliberate indifference. *See Peralta v.*
7   *Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014).

8                    **1.      Jane Doe #1**

9          Plaintiff has not alleged a colorable claim that Jane Doe #1 was deliberately
10  indifferent to a serious medical need in violation of the Eighth Amendment. Plaintiff's
11  allegation that he had an infected tooth, bleeding gums, and a swollen jaw, permits a
12  plausible inference that he had a serious medical need. Plaintiff's allegation that he
13  informed Jane Doe #1 of his condition permits a plausible inference that she had
14  knowledge of that need. Plaintiff has not alleged facts that Jane Doe #1 purposefully failed
15  to respond to his medical need but has alleged that she delayed treatment. He has alleged
16  that she responded by informing him he would not receive immediate medical treatment,
17  and to instead submit a medical request for treatment. The allegation permits a plausible
18  inference that Jane Doe #1 delayed treatment. Plaintiff has alleged that Jane Doe #1
19  provided this information on July 26, 2019, and that he was notified of his appointment on
20  July 29, 2019. He has also alleged that he was seen by a dentist on August 13, 2019.
21  Plaintiff has not alleged facts permitting an inference that the delay in treatment through
22  August 13, 2019, led to further injury. The Court will dismiss the claim against Jane Doe
23  #1 without prejudice.

24                   **2.      Davis**

25         Plaintiff has alleged facts showing he cannot state a colorable claim that Davis was
26  deliberately indifferent to a serious medical need in violation of the Eighth Amendment.
27  Plaintiff's allegation that he had an infected tooth, bleeding gums, and a swollen jaw,
28  permits a plausible inference that he had a serious medical need. Plaintiff's allegation that

he informed Davis of his condition permits a plausible inference that Davis had knowledge of that need. Plaintiff has not alleged facts that Davis purposefully acted or failed to respond to his medical need. Instead, Plaintiff has alleged that Davis was a correctional officer. As Plaintiff alleged that Davis affirmatively responded to Plaintiff by deferring to the prison's medical providers regarding treatment for Plaintiff's tooth, the Court will dismiss the claim against Davis with prejudice as amendment would be futile.

### 3.    Jhon Doe #1

Plaintiff has alleged a colorable claim that Jhon Doe #1 was deliberately indifferent to a serious medical need in violation of the Eighth Amendment. Plaintiff's allegation that he had an infected tooth, bleeding gums, and a swollen jaw, permits a plausible inference that he had a serious medical need. Plaintiff's allegation that he informed Jhon Doe #1 of his condition permits a plausible inference that he had knowledge of that need. Plaintiff has not alleged facts that Jhon Doe #1 purposefully acted or failed to respond to his medical need. Rather, he has alleged that on August 13, 2019, Jhon Doe #1 took X-rays, determined that Plaintiff's tooth was infected, and required extraction. Plaintiff has alleged that Jhon Doe #1 delayed treatment as Jhon Doe #1 informed Plaintiff he would not extract the tooth but would set an appointment for that procedure. Plaintiff has alleged facts permitting a plausible inference that the delay led to further injury. Plaintiff has alleged that on September 30, 2019, he pulled his own tooth because of the severity of the pain. The Court will permit this claim to proceed against Jhon Doe #1 when Plaintiff learns his identity.

### 4.    Hunter

Plaintiff has alleged facts showing he cannot state a colorable claim that Hunter was deliberately indifferent to a serious medical need in violation of the Eighth Amendment. Plaintiff's allegation that he had an infected tooth, bleeding gums, and a swollen jaw, permits a plausible inference that he had a serious medical need. Plaintiff's allegation that he informed Hunter on September 2, 2019, of his condition permits a plausible inference that Hunter had knowledge of that need. Plaintiff has not alleged facts

that Hunter purposefully acted or failed to respond to his medical need. Instead, Plaintiff has alleged that Hunter was a correctional officer who instructed Plaintiff to talk to medical. As Plaintiff has alleged that Hunter affirmatively responded to Plaintiff and deferred to the prison's medical providers regarding treatment for Plaintiff's tooth, the Court will dismiss the claim against Hunter with prejudice as amendment would be futile.

### 5. Nunez

Plaintiff has alleged a colorable claim that Nunez was deliberately indifferent to a serious medical need in violation of the Eighth Amendment. Plaintiff's allegation that he had an infected tooth, bleeding gums, and a swollen jaw, permits a plausible inference that he had a serious medical need. Plaintiff's allegation that he informed Nunez on September 30, 2019, of his condition permits a plausible inference that Nunez had knowledge of that need. Plaintiff has alleged that Nunez purposefully acted or failed to respond to his medical need. Plaintiff has alleged that Nunez, a correctional officer, responded that Plaintiff was going through nothing. Plaintiff has alleged that, after he pulled his own tooth and had informed Nunez he thought a piece of the tooth remained in place, Nunez responded he was not going to call medical and instructed Plaintiff to return to his cell. The Court will permit the claim to proceed against Nunez.

### 6. Sergeant Thomas

Plaintiff has alleged facts showing he cannot state a colorable claim that Sergeant Thomas was deliberately indifferent to a serious medical need in violation of the Eighth Amendment. Plaintiff's allegation that he had an infected tooth, bleeding gums, and that he had pulled his own tooth, perhaps incompletely, permits a plausible inference that he had a serious medical need. Plaintiff's allegation that he filed an emergency grievance on September 2, 2019, to which Sergeant Thomas responded, permits a plausible inference that Sergeant Thomas had knowledge of that need. Plaintiff has not alleged facts that Sergeant Thomas purposefully acted or failed to respond to his medical need. Instead, Plaintiff has alleged that Sergeant Thomas was a correctional officer who affirmatively responded to Plaintiff and informed him that he had been scheduled for an appointment.

1   As Plaintiff has alleged that Sergeant Thomas deferred to the prison's medical providers

2   regarding treatment for Plaintiff's tooth, the Court will dismiss the claim against Sergeant

3   Thomas with prejudice as amendment would be futile.

4              **7.      Jane Doe #2**

5          Plaintiff has alleged a colorable claim that Jane Doe #2 was deliberately indifferent

6   to a serious medical need in violation of the Eighth Amendment. Plaintiff's allegation that

7   he had pulled his own tooth because it was infected, and he was in severe pain permits

8   a plausible inference that he had a serious medical need. Plaintiff's allegation that he was

9   seen by Jane Doe #2, a dental assistant, on October 8, 2019, permits a plausible

10  inference that she had knowledge of that need. Plaintiff has alleged that Jane Doe #2

11  purposefully acted or failed to respond to his medical need. Plaintiff has alleged that Jane

12  Doe #2 told Plaintiff he was a cry baby. He has alleged that, prior to providing treatment,

13  Jane Doe #2 required Plaintiff to first sign a release from liability for pulling his own tooth

14  before she would treat him. Plaintiff alleges he refused to sign the form, raising a plausible

15  inference that Jane Doe #2 denied treatment to Plaintiff. The Court will permit the claim

16  to proceed against Jane Doe #2 when Plaintiff learns her identity.

17             **8.      Lieutenant Jhon Doe #2**

18         Plaintiff has alleged facts showing he cannot state a colorable claim that Lieutenant

19  Jhon Doe #2 was deliberately indifferent to a serious medical need in violation of the

20  Eighth Amendment. Plaintiff's allegation that he had an infected tooth, bleeding gums,

21  and a swollen jaw, permits a plausible inference that he had a serious medical need.

22  Plaintiff's allegation that, at some point in time, Lieutenant Jhon Doe #2 came to his cell

23  and asked who kept calling about Plaintiff's medical issues permits a plausible inference

24  that Lieutenant Jhon Doe #2 had knowledge of that need. Plaintiff has not alleged facts

25  that Lieutenant Jhon Doe #2 acted or failed to respond to his medical need. Instead,

26  Plaintiff has alleged that Lieutenant Jhon Doe #2 was a correctional officer who instructed

27  Plaintiff he would be seen by medical at his appointment. As Plaintiff has alleged that

28  Lieutenant Jhon Doe #2 affirmatively responded to his medical need and deferred to the

1   prison's medical providers regarding treatment for Plaintiff's tooth, the Court will dismiss

2   the claim against Lieutenant Jhon Doe #2 with prejudice as amendment would be futile.

3   **III.    CONCLUSION**

4   It is therefore ordered that a decision on the application to proceed in forma

5   pauperis (ECF No. 1) is deferred.

6   It is further ordered that Plaintiff's Motion to Withdraw Motion to Amend Complaint

7   (ECF No. 10) is denied as moot.

8   It is further ordered that Plaintiff's Motion to Continue Screening (ECF No. 9) and

9   Motion to Request Status of Screening (ECF No. 13) are denied as moot.

10   The Clerk of Court is directed to file the Complaint (ECF No. 1-1) and send Plaintiff

11   a courtesy copy.

12   It is further ordered that Count 1, alleging Eighth Amendment deliberate

13   indifference to serious dental needs, will proceed against Defendants C/O Nunez, Jhon

14   Doe #1, and Jane Doe #2 (when Plaintiff learns their identities). However, Defendant Jane

15   Doe #1 is dismissed without prejudice from this claim.

16   It is further ordered that Defendants C/O Davis, C/O Hunter, Sgt. Thomas, and Lt.

17   Jhon Doe #2 are dismissed with prejudice as amendment would be futile.

18   It is further ordered that, given the nature of the claims that the Court has permitted

19   to proceed, this action is stayed for 90 days to allow Plaintiff and Defendants an

20   opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed,

21   or the discovery process begins. During this 90-day stay period and until the Court lifts

22   the stay, no other pleadings or papers may be filed in this case, and the parties may not

23   engage in any discovery, nor are the parties required to respond to any paper filed in

24   violation of the stay unless specifically ordered by the court to do so. The Court will refer

25   this case to the Court's Inmate Early Mediation Program, and the Court will enter a

26   subsequent order. Regardless, on or before 90 days from the date this order is entered,

27   the Office of the Attorney General must file the report form attached to this order regarding

28   the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end

of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

It is further ordered that "settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

It is further ordered that if the case does not settle, Plaintiff will be required to pay the full $350.00 filing fee. This fee cannot be waived. If Plaintiff is allowed to proceed *in forma pauperis*, the fee will be paid in installments from his prison trust account. *See* 28 U.S.C. § 1915(b). If Plaintiff is not allowed to proceed *in forma pauperis*, the $350.00 will be due immediately.

It is further ordered that if any party seeks to have this case excluded from the inmate mediation program, that party must file a "motion to exclude case from mediation" on or before 21 days from the date of this order. The responding party will have seven days to file a response. No reply may be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

The Clerk of Court is directed to electronically serve a copy of this order, and a copy of Plaintiff's Complaint (ECF No. 1-1), on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

///

///

///

///

It is further ordered that the Attorney General's Office must advise the Court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of settlement. No defenses or objections, including lack of service, will be waived as a result of the filing of the limited notice of appearance.

DATED THIS 2nd Day of February 2021.

_____

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PEDRO GARCIA, | Case No. 3:20-cv-0071-MMD-CLB |
| Plaintiff, | REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY |
| v. | |
| C/O DAVIS, *et al.*, | |
| Defendants. | |

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL WILL FILE THIS FORM. THE INMATE PLAINTIFF MAY NOT FILE THIS FORM.**

On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report 90 days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

///

///

///

///

///

///

///

///

///

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

    \_\_\_\_ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

    \_\_\_\_ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

    \_\_\_\_ No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

    \_\_\_\_ No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

    \_\_\_\_ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

    \_\_\_\_ None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

\* \* \* \* \*

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

    \_\_\_\_ The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of*

*dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

_____ The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____ The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____ None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____          _____

Print                                                  Signature

Address:     _____          Phone: _____

_____          Email: _____

3