AARON D. FORD
 Attorney General
LAURA M. GINN, Bar No. 8085
 Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1120
E-mail: lginn@ag.nv.gov

*Attorneys for Defendant*
*Maneleo Nunez*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PEDRO GARCIA,<br><br>                     Plaintiff,<br><br>v.<br><br>C/O DAVIS, et al.,<br><br>                     Defendants | Case No.  3:20-cv-00071-MMD-CLB<br><br>**OPPOSITION TO MOTION FOR APPOINTMENT OF COUNSEL**<br>**(ECF NO. 27)** |

Defendant Maneleo Nunez, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Laura M. Ginn, Deputy Attorney General, oppose Plaintiff's Motion to Appoint Counsel (ECF No. 23), filed on February 18, 2021.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff claims that he is unable to afford counsel and that the procedural matters in the case he voluntarily filed are too complex for his abilities and comprehension. Based on these factors, Plaintiff is requesting the Count appoint counsel to pursue his case. Plaintiff's Motion should be denied as Plaintiff has no right to counsel in his civil case and he can sufficiently represent himself in litigating his case. Plaintiff misrepresents to the Court that Mr. Barrick, Esq. will represent him. (ECF No. 23, pg. 1) Mr. Barrick merely states he will consider representation after the Court issues a screening order. (Id. at 3) Plaintiff then represents that Mr. Busby, Esq. will provide representation if Plaintiff is referred to the Pro bono program but provides no documentation for the claim. (*Id.*)

1

1  As this Court is well aware, the plaintiff in a civil rights action does not have a constitutional or statutory right to court-appointed counsel. *Storseth v. Spellman*, 645 F.2d 1349, 1353 (9th Cir. 1981). However, 28 U.S.C. § 1915(e)(1) allows this Court to "request an attorney to represent any person unable to afford counsel." A motion for appointment of counsel is rarely granted unless "exceptional circumstances" exist. *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The plaintiff bears the burden of proving "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires this Court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* Neither factor is dispositive, and the Court must consider both factors before ruling. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion restated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (*en banc*). Rather, the plaintiff must demonstrate that he is unable to articulate his claims **due to their complexity**. *Id.* An analysis of both factors pertaining to the facts and claims against them shows that this Court should deny Plaintiff's motion.

Plaintiff fails to show the existence of any exceptional circumstances which would warrant appointment of counsel by this Court in this matter. Plaintiff has reflected in his filings that he possesses a strong ability to articulate his claims and has access to legal materials, which places Plaintiff in the same position as every litigant when proceeding *pro se*. Additionally, Plaintiff contends he has limited access to the law library. (ECF No. 23.). However, Plaintiff has the same access to the law library as the other inmates at Ely State Prison.

1   Plaintiff further fails to show an impediment to filing. He filed his Notice of
2   Change of Address and Motion for the Appointment of Counsel after Plaintiff arrived
3   at Ely State Prison. (ECF No. 18, 20, and 23.) The United States Supreme Court has
4   concluded that kite systems, like at Ely State Prison, for library access do not violate a
5   prisoner's constitutional rights. "[T]he Constitution does not require that prisoners
6   (literate or illiterate) be able to conduct generalized research, but only that they be able
7   to present their grievances to the courts—a more limited capability that can be
8   produced by a much more limited degree of legal assistance." *Lewis v. Casey*, 518 U.S.
9   343, 360, 116 S. Ct. 2147, 135 L. Ed. 2d 606 (1996.) Plaintiff has presented his
10  grievances to the Court by filing his Complaint. (ECF No. 15.)

11  In addition, the substantive claims involved in this action are not unduly
12  complex and fall towards the straightforward end of the spectrum. Plaintiff is
13  primarily complaining about a tooth and alleges that the Defendants did not respond to
14  his medical need.

15  To sustain an Eighth Amendment claim based on deficient medical treatment, a
16  plaintiff must show that the defendants were deliberately indifferent to the Plaintiff's
17  serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Deliberate
18  indifference requires proof of two elements: (1) a serious medical need and (2) the
19  defendant's deliberate indifference in response. *McGuckin v. Smith,* 974 F.2d 1050,
20  1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs, Inc. v. Miller,* 104 F.3d
21  1133, 1136 (9th Cir. 1997). The second element requires proof that the defendants
22  knew of the excessive risk to an inmate's health and disregarded the risk. *Farmer v.*
23  *Brennan*, 511 U.S. 825, 837 (1994). However, a prison official may only be held liable if
24  he or she "knows of and disregards an excessive risk to inmate health and safety."
25  *Toguchi v. Chu*ng, 391 F.3d 1051, 1057 (9th Cir. 2004).

26  In his Motion, Plaintiff did not argue that he was likely to succeed on the merits.
27  (ECF No. 23) Defendant's action of comparing his own subjective personal experience is
28  not objectively unreasonable. (ECF No.15, pg. 6) Plaintiff states that he was informed

3

that he had an appointment pending. (*Id.* at pg. 7) Defendant did not tell Plaintiff to go pull his own tooth. Plaintiff chose to engage in self-mutilation rather than wait for a scheduled dental appointment. (*Id.*) Therefore, Plaintiff is not likely to prevail on the merits.

Plaintiff fails to show the existence of any exceptional circumstances which would warrant appointment of counsel by this Court in this matter. Plaintiff has reflected in his filings that he possesses a strong ability to articulate his claims. The substantive claims involved in this action are not unduly complex and Plaintiff does not need appointed counsel in this matter.

Thus, the Motion for Appointment of Counsel should be denied.

DATED this 4th day of March, 2021.

                AARON D. FORD
                Attorney General

                By:   */s/ Laura Ginn*
                        LAURA M. GINN, Bar No. 8085
                        Deputy Attorney General

                    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada and that on this 4th day of March, 2021, I caused a copy of the foregoing, **OPPOSITION TO MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 27)**, to be served, by U.S. District Court CM/ECF Electronic Filing on the following:

Pedro Jose Garcia, #81578
Ely State Prison
P. O. Box 1989
Ely, NV 89301

*Roberta W. Blee*

An employee of the
Office of the Attorney General