**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| PEDRO GARCIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C/O DAVIS, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:20-CV-0071-CLB[1]<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF No. 73] |

This case involves a civil rights action filed by Plaintiff Pedro Garcia ("Garcia") against Defendants Maneleo Nunez ("Nunez"), Albert Castellan ("Castellan"), and Pamela McCutchen ("McCutchen")[2] (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion for summary judgment. (ECF No. 73.) Garcia opposed the motion, (ECF No. 75), and Defendants replied. (ECF No. 76.) For the reasons stated below, Defendants' motion for summary judgment, (ECF No. 73), is denied.

**I.    PROCEDURAL HISTORY**

Garcia is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently incarcerated at the High Desert State Prison ("HDSP"). The events that give rise to the instant action occurred while Garcia was housed at HDSP. (ECF No. 15.)

Garcia filed a complaint pursuant to 42 U.S.C. § 1983. (*Id.*) On February 2, 2021, the District Court screened Garcia's complaint pursuant to 28 U.S.C. § 1915A. (ECF No.

---

[1]    The parties have voluntarily consented to have this case referred to the undersigned to conduct all proceedings and entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 68.)

[2]    Defendant Pamela McCutchen joined Nunez and Castellan's answer to complaint on August 23, 2021. (ECF No. 73.) However, McCutchen did not formally join the motion for summary judgment.

14.) Garcia was permitted to proceed on an Eighth Amendment deliberate indifference to serious dental needs claim against Nunez, John Doe #1—later identified as Castellan, and Jane Doe #2—later identified as Pamela McCutchen. (*Id.*; ECF No. 40.)

On August 2, 2021, the Court held a telephonic case management conference with the parties. (ECF No. 66.) At the hearing, the Court bifurcated discovery to first conduct discovery on the issue of exhaustion and ordered Defendants to file a motion for summary judgment as to the issue of exhaustion only, by September 16, 2021. (*Id.*) Accordingly, on September 16, 2021, Defendants filed a motion for summary judgment arguing summary judgment should be granted because Garcia failed to exhaust his administrative remedies before filing suit as required by the Prison Litigation Reform Act ("PLRA"). (ECF No. 73.) Garcia opposed the motion, (ECF No. 75), and Defendants replied. (ECF No. 76.)

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claim or claims determines which facts are material. *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Only disputes over facts that address the main legal question of the suit can preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). *Documents submitted during summary judgment must be*

*authenticated*, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011) (emphasis added). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

**III.   DISCUSSION**

Defendants assert Garcia failed to properly exhaust his administrative remedies related to the claims in this case because he filed this lawsuit before fully exhausting his Grievance, Number 2006-30-93074, as required by Administrative Regulation ("AR") 740.

(ECF No. 73.) Thus, Defendants argue summary judgment must be entered.

In support of their motion for summary judgment, Defendants submitted a copy of Garcia's Inmate Grievance History Report. (ECF Nos. 73-1, 73-2, 73-3.) However, these documents are not properly authenticated by an NDOC custodian of records. Although Defendants appear to have identified "Exhibit G" as an authenticating declaration, no declaration is attached to that document. (*See* ECF No. 73-7.) While the exclusion of an authenticating declaration appears to be inadvertent, the Court will not assume the documents' authenticity. *See Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) ("'documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment.'" (quoting *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987)). Therefore, on this basis alone, summary judgment must be denied.

However, even if the Court were to review the substance of the documents submitted by Defendants, it appears at the informal level, Grievance Number 2006-30-93074 (which is the primary grievance at issue in this case) is marked as "resolved." (ECF No. 76-1 at 16.) Pursuant to AR 740.03.6(c), when a "Grievance is "Granted" at any level, the grievance process is considered complete and the inmate's administrative remedies exhausted, and the inmate cannot appeal the decision to a higher level." (ECF No. 73-4 at 6.) It is unclear whether a grievance that is "resolved" must be treated the same as a grievance that is marked as "granted." AR 740 is silent on this issue and neither party addressed this issue in the briefs. Based on this ambiguity, the Court cannot determine—as a matter of law—that Garcia failed to fully exhaust his administrative remedies at this time. Rather, it appears an issue of fact exists as to whether deeming the grievance as "resolved" at the informal level would be sufficient for exhaustion or whether further appeal is required under AR 740.

Moreover, there is evidence in the record that Garcia was transferred several times

4

while this grievance was pending.[3] It is unclear—based on the current record before this Court—whether these transfers caused significant difficulty and confusion for Garcia, such that administrative remedies were effectively unavailable. This issue appears to present a second issue of fact on the narrow issue of exhaustion. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (the Prison Litigation Reform Act does not require exhaustion when circumstances render administrative remedies effectively unavailable. Relevant questions in determining availability of administrative remedies include whether the procedures were knowable by an ordinary prisoner, or whether "the system [was] so confusing that no such inmate could make use of it.")

Therefore, for all the reasons stated above, the Court finds Defendants' motion for summary judgment must be denied, without prejudice, to enable Defendants to raise this issue at a later time either by motion or at trial.

### IV.    CONCLUSION

For good cause appearing and for the reasons stated above, Defendants' motion for summary judgment, (ECF No. 73), is **DENIED without prejudice**.

**DATED**: January 11, 2022            .

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[3] According to his historical bed assignments, Garcia was transferred from HDSP to Warm Springs Correctional Center, and then to Ely State Prison, and back to HDSP—all while the grievance at issue was pending. (*See* ECF No. 73-5.)