**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

PEDRO GARCIA,

    Plaintiff,

v.

C/O DAVIS, *et al.*,

    Defendants.

Case No. 3:20-CV-0071-MMD-CLB

**ORDER DENYING MOTION TO APPOINT COUNSEL**

[ECF No. 80]

    Before the court is Plaintiff Pedro Garcia's ("Garcia") motion for appointment of counsel. (ECF No. 80.) Defendants Maneleo Nunez ("Nunez"), Albert Castellan ("Castellan"), and Pamela McCutchen ("McCutchen"), (collectively referred to as "Defendants"), opposed the motion, (ECF No. 81), and Garcia replied. (ECF No. 84.) In the motion for appointment of counsel, Garcia states that COVID protocol at the prison is restricting his movement and access to the law library, a further review of his medical records has been delayed, and by reason of his incarceration, Garcia cannot investigate, take depositions, or otherwise discover evidentiary materials on his own accord. (ECF No. 80.) Defendants state that the Court has already once denied Garcia's request for counsel. (ECF No. 82.)

    There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.) While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

    A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his

claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Exceptional circumstances do not exist in this instance. Garcia only makes conclusory assertions that this case requires extensive discovery that he cannot do on his own, however this case is limited to an Eighth Amendment claim of deliberate indifference to serious dental needs against three Defendants. (ECF No. 14.) In summary, Garcia alleges that in 2019 Defendants refused to properly treat his infected tooth and his grievances were not timely answered. (*Id.*) This claim does not involve complex issues, nor will it require extensive discovery or expert assistance to understand.

Moreover, Defendants are correct that the Court has denied Garcia's request for appointed counsel once before, and the Court continues to find no reason to appoint counsel. (ECF No. 32.) Throughout the pendency of this action, Garcia has demonstrated that he can articulate his claims to the Court. While Garcia contends that he has limited access to the law library and limited knowledge in these types of proceedings, such lack of access and experience is unexceptional compared to most prisoner civil rights cases. Because Garcia has not demonstrated exceptional circumstances, the motion to appoint counsel is **DENIED**. (ECF No. 80).

Finally, the Court notes that Garcia attached a letter from Luke Busby, Esq. ("Busby") dated March 2, 2021 advising Garcia that he contacted this Court to ask for referral of this case to the Pro Bono Program. (ECF No. 80 at 5.) Busby advised Garcia that he would represent him only if the Court referred this case to the Pro Bono Program.

(*Id.*) It is wholly inappropriate for counsel to contact the Court's Chambers and seek referral of a particular case to the Court's Pro Bono Program. The Court's Pro Bono Program is used for those cases in which a judge on this Court has determined that counsel should be appointed. This program currently has a backlog of cases it is trying to place and has very limited resources. Therefore, referral to the program is used sparingly for only those Plaintiffs who are truly unable to represent themselves in any manner, normally due to mental or physical infirmities, and who cannot secure counsel on their own. If Mr. Busby chooses to represent Garcia in this case he may do so without referral to the Pro Bono Program by simply entering a notice of appearance on his own accord.

The Clerk shall **SEND** a copy of this order to Busby for his edification at the address listed in the exhibit. (ECF No. 80 at 5.)

**DATED**:  February 15, 2022

**UNITED STATES MAGISTRATE JUDGE**

3